A. FATMAN & CO. v. THOMPSON & TAAFFE.

(No. 7,635.)

Proof was made on trial, in special term, that there was an established usage among Cincinnati tobacco dealers, warranting, in all sales of tobacco of a particular description, the article to remain sound and merchantable for the space of four months after the sale; and if within that period it should prove unsound, the seller was bound to make an abatement in the price equal to the injury sustained. A sale was made, and within the time specified, it was found the tobacco was unsound. This evidence was excepted to.

*Held:* That such evidence is admissible. If the usage was a part of the contract of sale, it was competent to prove it. Whenever a usage of any particular trade or place is proven to exist, the law implies, on the part of those who contract, upon a matter to which such custom or usage has reference, a promise in conformity with such usage, provided there is no express stipulation to the contrary. The contract of sale is made in reference to the custom which becomes an essential part of the agreement between the parties. When once established, it becomes the rule of the trade, and the dealer in the article sold can not protect himself by asserting his ignorance of the usage.

GENERAL TERM.—Proceeding in error to reverse a judgment rendered at special term against A. Fatman & Co.

It appears by the bill of exceptions, that Thompson & Taaffe, a mercantile house in Cincinnati, sued Fatman & Co., tobacco dealers, for damages sustained by them, in the purchase of 64¾ boxes of 10-lb. lump tobacco, at 25 cents per pound, for which they paid, in the aggregate, $1,898 25. It was alleged, that at the time of the sale, there was an established usage among Cincinnati tobacco dealers, warranting, in all sales of tobacco of the description purchased by Thompson & Taaffe, the article to remain sound and mer-

chantable for the space of four months after the sale, and if, within that period, it should prove to be unsound, the seller was bound to make an abatement in the price equal to the injury sustained.

On the trial it was proved the tobacco did not continue to be sound for the time implied in the guaranty, but, on the contrary, it became moldy and greatly depreciated in quality, in so much so, that competent judges, after a careful inspection, assessed the damages at a large sum.

It was also in evidence, that the article when sold, represented by the samples exhibited by the vendors, should be of a good quality.

After hearing the testimony the judge found for the vendees, a judgment amounting to $818 55.

When the plaintiffs offered testimony to prove the usage, creating the implied guaranty, the admissibility of such evidence was objected to, but the objection was overruled, and the testimony received. This ruling was excepted to, and the alleged error in admitting the testimony, in rendering the judgment, and refusing to order a new trial, are the grounds on which Fatman & Co. now ask that the proceedings at special term be reversed.

*Kebler & Force*, for A. Fatman & Co.

*Fox & Fox*, for Thompson & Taaffe.

STORER, J., delivered the opinion of the court.

The only practical question is, whether the usage in dispute was a part of the contract of sale; for, if it was, it was competent to prove it; and, consequently, there was no error on the part of the court in receiving the evidence, or in rendering the judgment.

Whenever a usage of any particular trade or place is established to exist, the law, as we understand it, implies on the part of him " who contracts or employs another to con-

A. Fatman & Co. *v.* Thompson & Taaffe.

tract for him, upon a matter to which such usage or custom has reference, a promise for the benefit of the other party, in conformity with such usage; provided, there be no express stipulation between them which is inconsistent with such usage." This is the language of Chitty, in his work on Contracts, p. 18, and is fully sustained by the authorities he quotes. The contract of sale is made in reference to the custom which becomes an essential part of the agreement between the parties. The seller contemplates it when he bargains, and the buyer may well rely upon it for his indemnity. Its reasonableness must depend, in a great measure, upon the place where the contract is made, as well as upon the nature of the commodity sold. When once established, it becomes the rule of the trade, and the dealer in the article sold can not protect himself by asserting his ignorance of the usage. If it is a part of the law of the place, the merchant is bound to know it; he can not exclude himself from the liabilities which attach to others engaged in the same business. 10 Adolph. and El. 27, *Sutton* v. *Tatham;* 1 Exch. 425, *Bayliffe* v. *Butterworth.*

This general rule has been extended to cover implied warranties, as they are clearly within the principles where the usage is a part of the contract.

Thus in *Jones* v. *Bowden,* 4 Taunton, 853, Justice Heath referred to a case where an action was brought on the sale of sheep, sold as stock, there being evidence that, by the custom of the place, stock were understood to be sheep, it was held that this amounted to an implied warranty, and the jury were so ordered to find.

We think it was perfectly competent to prove that the usage relied upon existed. It was not unreasonable, it was generally known, and had, for years, been the rule of the trade. It seems to have been acted upon, and understood to be a settled rule; and in our opinion, there is no error in the record which will authorize us to reverse the judgment.

Judgment affirmed.